**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ABM INDUSTRY GROUPS, LLC,

      Plaintiff,

v.

EDWARD WATERS UNIVERSITY, INC.,

      Defendant.

Case No.:  3:26-cv-00655

**COMPLAINT FOR DAMAGES**

Plaintiff ABM Industry Groups, LLC, brings this action against Defendant Edward Waters University, Inc., and alleges as follows:

**THE PARTIES AND CITIZENSHIP**

1. Plaintiff ABM Industry Groups, LLC ("ABM"), is limited liability company, such that its citizenship is determined by its membership. ABM's sole member is ABM Industries Incorporated, which is a Delaware corporation with a principal place of business in New York, New York.  Accordingly, ABM is a citizen of Delaware and New York for purposes of federal diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

2. Defendant Edward Waters University, Inc. ("EWU") is a Florida not-for-profit corporation with its principal place of business in Jacksonville, Florida. EWU is accordingly a citizen of the state of Florida for purposes of federal diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.      This Court has personal jurisdiction over EWU because EWU is a Florida entity and the acts and omissions giving rise to this action occurred in Florida.

5.      Venue is proper in the Middle District of Florida, Jacksonville Division, pursuant to 28 U.S.C. § 1391(b)(2) because EWU resides in the Jacksonville Division of this District, and a substantial part of the events or omissions giving rise to ABM's claims occurred in this Division. *See* 28 U.S.C. § 89(b); Local Rule 1.04(b).

## STATEMENT OF FACTS AND ALLEGATIONS

6.      ABM is a facilities services provider.

7.      EWU operates a university campus located in Jacksonville, Florida.

8.      ABM and EWU entered into a written agreement pursuant to which ABM agreed to provide facilities-related services for EWU's campus (the "Agreement"). A true and correct copy of the Agreement is attached as Exhibit A.

9.      Under the Agreement, EWU was required to pay ABM for services rendered in accordance with ABM's invoices and agreed payment terms. (Agreement at ¶ 4).

10.     Beginning in or about June 2024, ABM performed services for EWU pursuant to the Agreement.

2

4898-2562-2417

11.     ABM provided maintenance, grounds, and related facilities services at EWU's campus.

12.     ABM issued invoices to EWU for services rendered, identifying the applicable service periods and amounts due.

13.     ABM also undertook efforts to implement a Computerized Maintenance Management System ("CMMS") for EWU.

14.     ABM incurred costs in connection with implementing the CMMS and other services performed for EWU.

15.     On or about October 30, 2024, EWU notified ABM that it was terminating the Agreement.

16.     Following termination, EWU failed to pay multiple outstanding invoices for services ABM had already performed.

17.     As of November 2024, EWU had failed to pay invoices totaling $483,097.49.

18.     As a result of EWU's termination of the Agreement, ABM incurred additional recoverable costs.

19.     The unpaid invoices and additional costs total $688,079.27.

20.     All conditions precedent to bringing this action have been performed, have been satisfied, or have been waived.

4898-2562-2417

## COUNT I
### Breach of Contract

21.    ABM realleges and incorporates the allegations in paragraphs 1 through 20 above as though fully set forth herein.

22.    The Agreement constitutes a valid and enforceable contract between ABM and EWU.

23.    ABM performed all material obligations required under the Agreement.

24.    EWU materially breached the Agreement by failing and refusing to pay amounts due and owing.

25.    As a direct and proximate result of EWU's breach, ABM suffered damages in an amount of at least $688,079.27, exclusive of prejudgment interest, attorneys' fees, and costs.

WHEREFORE, Plaintiff ABM Industry Groups, LLC, respectfully requests that the Court enter judgment in its favor and against Defendant Edward Waters University, Inc., awarding compensatory damages in an amount to be proven at trial, but in the minimum amount of $688,079.27; prejudgment and post-judgment interest at the legal rate; attorneys' fees, costs, and expenses of this action; equitable relief, including restitution and disgorgement, to the extent applicable; and such other and further relief as the Court deems just and proper.

## COUNT II
### Account Stated

26.    ABM realleges and incorporates the allegations in paragraphs 1 through 20 above as though fully set forth herein.

4

4898-2562-2417

27.    ABM rendered services and issued invoices to EWU reflecting amounts due.

28.    EWU received invoices from ABM and did not object to the invoices or their correctness within a reasonable time after receipt.

29.    EWU failed to pay as promised the amounts invoiced by ABM, which remain due and owing to ABM.

30.    A balance of $688,079.27 remains due and owing on the account stated.

WHEREFORE, Plaintiff ABM Industry Groups, LLC, respectfully requests that the Court enter judgment in its favor and against Defendant Edward Waters University, Inc., awarding compensatory damages in an amount to be proven at trial, but in the minimum amount of $688,079.27; prejudgment and post-judgment interest at the legal rate; attorneys' fees, costs, and expenses of this action; equitable relief, including restitution and disgorgement, to the extent applicable; and such other and further relief as the Court deems just and proper.

## COUNT III
### Unjust Enrichment

31.    ABM realleges and incorporates the allegations in paragraphs 1 through 20 above as though fully set forth herein.

32.    In the alternative to the breach of contract claim, EWU has been unjustly enriched.

33.    ABM conferred a direct benefit upon EWU by providing facilities-related services and incurring costs.

4898-2562-2417

34. EWU knowingly accepted and retained the benefit without payment.

35. EWU has been enriched by the benefit conferred on it by ABM.

36. EWU has failed and refused to pay ABM in full for the value of the benefits received.

37. ABM has been damaged by EWU's refusal to pay ABM for the full value of the benefits ABM conferred on EWU.

38. It would be inequitable for EWU to retain the benefit without fully compensating ABM.

WHEREFORE, Plaintiff ABM Industry Groups, LLC, respectfully requests that the Court enter judgment in its favor and against Defendant Edward Waters University, Inc., awarding compensatory damages in an amount to be proven at trial, but in the minimum amount of $688,079.27; prejudgment and post-judgment interest at the legal rate; attorneys' fees, costs, and expenses of this action; equitable relief, including restitution and disgorgement, to the extent applicable; and such other and further relief as the Court deems just and proper.

Dated:  March 26, 2026                    Respectfully submitted,

                                          /s/ Ashley P. Hayes
                                          Ashley P. Hayes
                                          LEAD COUNSEL
                                          SHOOK, HARDY & BACON L.L.P.
                                          100 N. Tampa Street, Suite 2900
                                          Tampa, Florida  33602
                                          Telephone:  (813) 202-7100
                                          Facsimile:   (813) 221-8837
                                          ahayes@shb.com

6

4898-2562-2417

Delaney K. O'Neill
SHOOK, HARDY & BACON L.L.P.
Citigroup Center, Suite 3200
201 S. Biscayne Boulevard
Miami, Florida  33131
Telephone:   (305) 358-5171
Facsimile:    (305) 358-7470
doneill@shb.com

***Counsel for Plaintiff ABM Industry Groups,
LLC***

7

4898-2562-2417